OPINION OF THE COURT
Richard Lee Price, J.
Motion Nos. 61 and 62 of July 7, 1981 are consolidated for disposition. Plaintiff moves for a preliminary injunction pursuant to CPLR 6301 enjoining defendants from demonstrating, picketing, or in any way interfering with the normal operation of plaintiff’s clinic and precluding defendants from engaging in such activities on the plaza and sidewalk in front of 475 Park Avenue South, New York City. Defendants cross-move pursuant to CPLR 3211 (subd [a], pars 3, 7) to dismiss the complaint on the ground that plaintiff lacks capacity to assert the legal rights of others (clients). The landlord of the premises 475 Park Ave. So. Co. seeks to intervene pursuant to CPLR 1013.
Plaintiff commenced this action for a permanent injunction to restrain defendants, antiabortion demonstrations *370 from interfering with the employees and patients of plaintiff, an abortion clinic located at 475 Park Avenue South, New York City. Plaintiff specifically seeks to prohibit defendants from picketing and demonstrating in front of the plaza area of 475 Park Avenue South, and the steps immediately in front of the premises. The plaintiff abortion clinic is located on the twelfth floor of the building. The premises at issue is private property owned and controlled by proposed intervenor 475 Park Avenue South Co.
This is a classic case where the court is called upon to strike a balance between the legitimate interests of plaintiff in operating a business and the rights of those defendants who seek to exercise their First Amendment rights.
The demonstrations have been occurring every Saturday for the past few months. It also appears that this organization was put on notice as early as May, 1978 by the proposed intervenor landlord that the area immediately outside 475 Park Avenue South is private property. However, in recent months the demonstrations have apparently taken on an increasingly disruptive trend which necessitated the summoning of the police department to remove certain of the defendants from the passageways of the premises and to prevent certain members of the organization from physically touching persons who were attempting to enter or exit the building. From the evidence submitted to this court, it appears that defendants’ conduct during these demonstrations consisted of picketing, distributing antiabortion literature, chanting, screaming and counseling. Some of the above actions are clearly protected by the First Amendment, while actions promoting violence are outside the scope of the free expression.
Defendants have the right under the Constitution to demonstrate in opposition to a practice they wholeheartedly believe is wrong. However, such demonstrations must be conducted peaceably and without interfering with the legitimate rights of others. The First Amendment does “not guarantee the right to communicate one’s views at all times and places or in any manner that may be desired” (Heffron v International Soc. for Krishna Consciousness, 452 US 640, 647; Adderley v Florida, 385 US 39; Grayned v City of Rockford, 408 US 104). There is clearly no constitu *371 tiorial right to assault or harass others in exercise of their rights (Galella v Onassis, 353 F Supp 196).
Defendants contend that the issuance of a preliminary injunction barring demonstrations in front of the area of the plaza and steps will unduly infringe upon the exercise of their First Amendment rights and as a result be too burdensome. The showing required for the issuance of a preliminary injunction restricting defendants First Amendment rights is formidable: it must be shown that plaintiff has a likelihood of success on the merits; no adequate remedy at law; irreparable injury and a balancing of the equities (Albini v Sorlock Assoc., 37 AD2d 837; Quinn v Johnson, 51 AD2d 391).
From the evidence submitted, plaintiff has demonstrated a clear right to the preliminary injunction in order to prevent irreparable injury to plaintiff’s patients and employees, and to stop the continuance of the disputed conduct pending a trial on the merits (International Ry. Co. v Barone, 246 App Div 450).
However, the court here must strike an appropriate balance between the competing interests and attempt to fashion a remedy which will adequately protect the interests of the litigant as well as the public in general. Therefore a preliminary injunction shall issue enjoining the defendants from conducting any demonstration on the private property of 475 Park Avenue South which encompasses the plaza area and its steps. Furthermore, defendants are enjoined from blocking the ingress and egress to said premises, as well as physically abusing and harassing people or causing a disruption incompatible with the normal activity of the particular place in question. Although chanting, shouting and screaming may be appropriate for a public park, it may be inappropriate in front of a medical facility (O.B.G.Y.N. Assns. v Birthright of Brooklyn & Queens, 64 AD2d 894; Grayned v City of Rockford, 408 US 104, supra.)
Furthermore, it is important to note that defendants may peacefully protest, demonstrate, assemble and counsel persons concerning their views on abortion, if the same does not violate the aforesaid provisions.
*372 Defendants, in their cross motion, contend that plaintiffs lack standing to bring the suit and as such the action must be dismissed pursuant to CPLR 3211 (subd [a], par 3).
This contention is without merit. Plaintiff has clearly shown that defendants’ demonstrations have directly and substantially interfered with the normal functioning of the health care facility. Plaintiff clearly has its own interests to protect, and the fact that others are affected by defendants’ actions does not deprive plaintiff of standing to pursue this action.
Defendants’ cross motion pursuant to CPLR 3211 (subd [a], par 7) also fails. Plaintiff has sufficiently alleged injury which requires equitable relief as well as possible money damages. As such plaintiff’s complaint is legally sufficient (Foley v D’Agostino, 21 AD2d 60).
475 Park Avenue South Co., the landlord of the premises in question, seeks to intervene on the grounds that its interests will be directly affected by a judgment in this action. Movant has shown that the action taken by defendants on its private property has interfered with the normal functioning of the building. Movant, proposed intervener, alleges that it has received numerous complaints from people who frequent the building such as business persons, lessees and other invitees of the premises. Proposed intervenor has clearly shown that it has an actual and ultimate interest in the result of the litigation (Matter of Cavages, Inc. v Ketter, 56 AD2d 730).
In accordance with the foregoing, plaintiff’s motion pursuant to CPLR 6301 for a preinjunction is granted. Defendants’ cross motions pursuant to CPLR 3211 (subd [a], pars 3, 7) are denied. Proposed interveners are granted leave to intervene pursuant to CPLR 1013.
Settle order for an appropriate undertaking.