■ PARKMED COMPANY, Respondent, and SHERMAN COHEN et al., Individually and as Executors of MORTIMER H. COHEN, Deceased, Doing Business as 475 PARK AVENUE SO. CO., Intervenors-Respondents, v PRO-LIFE COUNSELLING, INC., et al., Appellants. — Order, Supreme Court, New York County (Price, J.), entered September 18, 1981, which, *inter alia,* granted plaintiff-respondent Parkmed Company's (Parkmed) motion for a preliminary injunction, unanimously modified, without costs, on the law and the facts, to delete therefrom the first operative paragraph and to add to the third paragraph thereof the words "by shouting, screaming, engaging in physical and verbal threats, assault, abuse, harassment, intimidation and property damage". Parkmed operates a clinic for abortions and related health care services on the twelfth floor of 475 Park Avenue South, a 34-story office building with an open

plaza in front and steps leading down from the plaza to the sidewalk. While the plaza is private property, the intervenor-plaintiffs-respondents (landlords) had built it pursuant to a zoning ordinance requiring them to keep it accessible to the public. Defendant-appellant Pro-Life Counselling, Inc. (Pro-Life), an anti-abortion organization, commenced demonstrations on Saturdays against Parkmed, which subsequently moved for a preliminary injunction enjoining defendants from interfering with its operation. The parties submitted affidavits on the one hand to the effect that defendant had picketed, demonstrated and harassed Parkmed patients and employees on the plaza and the steps in an attempt to disrupt Parkmed's activities, including physical and verbal threats, assault, abuse, harassment, intimidation and property damage, or, on the other hand, that all picketing and demonstrating was done in a quiet and peaceful manner, with defendants attempting to hand out literature and quietly reason with the patients. A temporary restraining order was granted, later followed by the instant order granting the preliminary injunction. Special Term found that defendants' conduct during the demonstrations consisted primarily of picketing, distributing antiabortion literature, chanting, screaming and counselling; and that, in more recent months, the demonstrations assumed an increasingly disruptive trend, which necessitated the summoning of the police to remove certain of the defendants from the passageways of the premises and to prevent certain members of the organization from physically touching persons who were attempting to enter or exit the building. The court further held that the demonstrations have directly and substantially interfered with the normal functioning of the health care facility and of the building. It stated that "[f]rom the evidence submitted, plaintiff has demonstrated a clear right to the preliminary injunction in order to prevent irreparable injury to plaintiff's patients and employees, and to stop the continuance of the disputed conduct pending a trial on the merits". The defendants were enjoined from: (1) "demonstrating, picketing and in any way interfering with the normal operation of the abortion clinic of the plaintiff, PARKMED COMPANY, its employees and/or patients, and precluding the said defendants from engaging in such activities on the private property of 475 Park Avenue South, New York, New York, which encompasses the plaza area and its steps"; (2) "blocking the ingress and egress to the said premises at 475 Park Avenue South, New York, New York"; (3) "physically abusing and harassing people and/or from causing a disruption incompatible with the normal activities of the plaintiff, PARKMED COMPANY, which is situated at the premises, at 475 Park Avenue South, New York, New York." The injunction, in precluding the defendants "from demonstrating, picketing and in any way interfering * * * on the * * * plaza area and its steps" was overly broad and unnecessarily restricted peaceful picketing and demonstrating in a quasi-public area. A sufficiently clear standard must be set so that the parties are apprised of the type and degree of conduct restrained and a distinction drawn between that conduct and lawful, peaceful demonstration so that the affected party is given a clear choice. The defendants' right to free expression must be balanced with the other private and governmental interests involved. Reasonable time, place and manner regulations have been consistently upheld when they are necessary to further significant governmental interests, when they do not regulate the content of speech, and when they leave open alternative means of communication (see *Grayned v City of Rockford,* 408 US 104). These limitations must be drawn as narrowly as possible and must be definite and reasonable under the circumstances (*Niemotko v Maryland,* 340 US 268, 271-272). As to the balance of the injunction, the record does not show Special Term to have abused its discretion in granting it (*Picotte Realty v Gallery of Homes,* 66 AD2d 978).

Parkmed and the landlord make a prima facie showing that defendants' conduct was seriously disrupting their activities and disturbing tenants, patients and employees. While this showing may not have demonstrated a certainty of success on the merits, it was sufficient to demonstrate the likelihood of success (*Tucker v Toia*, 54 AD2d 322, 325-326). As modified, the preliminary injunction here does not prevent appellants from picketing or demonstrating peaceably in the plaza area, from handing out pamphlets, from carrying placards, or from quietly attempting to persuade. Nor does it regulate the content of their speech. While restricting disruptive conduct, it serves the function of allowing free expression while at the same time protecting the plaintiffs' and governmental interests. Concur — Sandler, J. P., Sullivan, Ross, Carro and Kassal, JJ. [110 Misc 2d 369.]