HERBERT G. INGRAM & others[1] vs. PROBLEM PREGNANCY OF
WORCESTER, INC.

Worcester.  November 6, 1985. — February 11, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Summary Process. Constitutional Law,* Freedom of speech and press.

At the jury trial of an action of summary process by a landlord to evict a tenant
    at will from premises in a commercial office building the judge correctly
    allowed the landlord's motion in limine to exclude its stated reasons for
    terminating the tenancy, namely that the defendant had interfered with
    the rights of other tenants and their invitees within the common areas
    of the building by initiating personal contacts intended to dissuade pro-
    spective clients of abortion services offered by a neighboring tenant,
    where, in the absence of any right of the defendant to engage in the
    conduct complained of, the reasons for the termination would be irrele-
    vant to the defense of the eviction proceeding. [722-723]

SUMMARY PROCESS. Writ in the Worcester Division of the
District Court Department dated September 1, 1984.

The case was tried before *Paul V. Mullaney,* J.

*Malcolm L. Burdine* for the plaintiffs.

*John W. Spillane* for the defendant.

ABRAMS, J. This is a commercial eviction case. The plain-
tiffs, a partnership, brought an action of summary process to
evict the defendants from their premises at 340 Main Street/
9 Walnut Street, Worcester. The defendant claimed trial by
jury. The jury returned a verdict for the plaintiffs. Pursuant to
G. L. c. 218, § 19A (1984 ed.), the defendant appeals.

Prior to trial, the plaintiffs filed a motion in limine to exclude
evidence of the defendant's "organizational purpose or objec-
tives or activities" and the reasons for the termination of the

---

[1] Barry Krock and William Roberts, copartners doing business as 340
and 390 Main Street Associates.

tenancy. The judge allowed the plaintiffs' motion. On appeal, the defendant asserts that it was error for the judge to allow the motion and to exclude evidence concerning the reasons for termination of the tenancy, and to prevent the defendant from defending the action on the ground of reprisal. The defendant also alleges error in the judge's instructions to the jury that the reasons stated for the termination of the tenancy were surplusage. We affirm the judgment.

We summarize the facts. The plaintiffs own a commercial office building at 340 Main Street in Worcester. One of the tenants on the sixth floor is a reproductive health care clinic operated by Planned Parenthood League of Massachusetts, Inc., which provides medical services, including outpatient abortions. The clinic is a tenant under a five-year lease. The defendant was a tenant at will with offices on the same floor.[2] After the clinic opened in late 1982, the defendant was organized as a Massachusetts charitable corporation whose stated purpose is to assist women with "problem pregnancies" to seek alternatives to abortion. In furtherance of its objective, it engaged in certain activities from its sixth floor offices. Those activities extended into the common corridors of the sixth floor where its volunteers initiated "corridor counselling" with the clinic's patients. Friction between the clinic and the defendant increased.[3] The clinic lodged a complaint with the plaintiffs concerning the defendant's conduct in the corridors of the office building. On July 11, 1984, the plaintiffs sent the defendant a notice to quit, effective August 31, 1984, stating as a reason for terminating the tenancy their "interference with

---

[2] On appeal the defendant claims that a letter from Ingram to a member of the defendant's board is a lease. The letter is a personal communication from Ingram to the individual. The defendant corporation had not been formed, and there is no indication in the letter that Ingram acted in his business capacity. In any event, that issue cannot be raised for the first time on appeal. "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the trial judge." *Santa Maria* v. *Trotto,* 297 Mass. 442, 447 (1937).

[3] The record indicates that the clinic had commenced two separate lawsuits against this defendant.

rights of other tenants and invitees using the premises."[4] The defendant failed to quit the premises on the effective date. The plaintiffs commenced eviction proceedings.

The defendant concedes that a landlord statutorily is not required to give any reasons for terminating a tenancy at will under G. L. c. 186, § 12. However, it argues that if the landlord volunteers reasons for terminating such a tenancy, then basic principles of fairness should permit the tenant to assert defenses. It argues further that a tenant has an "overriding right" to do so when its defense is that the landlord's reasons are unconstitutional. The main thrust of the defendant's argument is that *Batchelder* v. *Allied Stores Int'l, Inc.,* 388 Mass. 83 (1983), protects the defendant's corridor counselling, and that the eviction is erroneous because it is based on impermissible, unconstitutional reasons. The short answer is that there is no Federal or State constitutional right to picket or to counsel in the interior corridors of an office building.

In *Batchelder, supra,* we held that a candidate for public office had a right under art. 9 of the Massachusetts Declaration of Rights to seek nominating signatures in the common areas of a privately owned shopping mall. However, we expressly cautioned against an expansive application of our holding in that case, stating that "[i]t is important that we carefully define the issue that this case presents. We are concerned with ballot access and not with any claim of a right to exercise free speech apart from the question of ballot access." *Id.* at 91. We noted that the distinction between free speech and art. 9 rights "is not purely theoretical. Ideas and views can be transmitted

---

[4] On appeal, the defendant argues that the notice was defective under G. L. c. 186, § 12 (1984 ed.), because the defendant should have been allowed to prove that, at least as to August and September, 1984, it had paid the rent on a two-month basis. We do not consider this issue. The defendant's answer did not raise the defense that the rent period was other than monthly. "The rule that an issue need not be considered for the first time on appeal 'has particular force where the other party may be prejudiced by the failure to raise the point below.'" *Albert* v. *Municipal Court of the City of Boston,* 388 Mass. 491, 494 (1983), quoting *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 88 (1977).

through the press, by door-to-door distributions, or through the mail, without personal contact." *Batchelder* v. *Allied Stores Int'l, Inc., supra* at 92.

In addition to distinguishing between the right of expression and the right of ballot access, we emphasized the emergent role of the shopping mall as the contemporary public forum. *Id.* at 92. We said that although the privately owned shopping mall was not formally dedicated to the public, its common areas "have been dedicated to the public as a practical matter." *Id.*

The defendant asserts that an office building's corridors similarly are dedicated to public use. We reject that contention. The fact that the corridors are common areas within the building does not alter the essentially private nature of the premises. "[T]he conduct of a private business . . . does not implicate the public interest to the extent that its premises may be deemed public under a public function theory." *Commonwealth* v. *Hood,* 389 Mass. 581, 586-587 (1983).

The defendant contends that the judge erred in instructing the jury to disregard the reasons for termination set forth in the complaint as "surplusage." Because no constitutional rights were involved, the judge correctly ruled that the reasons for termination were not relevant.[5]

*Judgment affirmed.*

---

[5] The defendant argues that the judge's ruling on the motion in limine deprived it of the defense of "reprisal." The defendant acknowledges that G. L. c. 239, § 2A (1984 ed.), permits reprisal to be asserted as a defense only in residential tenancies. The defendant suggests this court extend the policy behind the statute and use it as a "legal beacon" to hold that there is a "common law defense right of reprisal couched in the constitutional safeguards of its rights." Because there is no merit to the defendant's constitutional claims, there is no reason to consider the defendant's suggestion.