212 N.J. Super. 61 (1986)
513 A.2d 974
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LUCILLE F. BROWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 4, 1986.
Decided August 4, 1986.
*62 Before Judges FRITZ, GAYNOR and BAIME.
Daniel F. Steinmetz Jr., attorney for appellant.
Samuel Asbell, Camden County Prosecutor, attorney for respondent (Barbara A. Forte, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
Defendant and other antiabortion demonstrators picketed the Cherry Hill Women's Center (Center), a private health-care facility offering abortions, located in an office complex owned by Davis Enterprises. The salient facts, concerning which there seems to be no dispute, appear in Brown v. Davis, 203 N.J. Super. 41 (Ch.Div. 1984), a civil action in which Brown and her colleagues sought to enjoin her prosecution for trespass and instead received a judgment declaring that they "are not entitled to enter defendants' private property against ... [the] wishes [of the owner and Cherry Hill Women's Center] to engage in the described expressional activity." Id. at 49. Brown was convicted of criminal trespass in the municipal *63 court, the conviction was iterated in the Law Division and now she appeals to us.
At the outset we observe that while in Brown v. Davis, supra, plaintiff asserted her purported rights under both the United States Constitution and the New Jersey Constitution, id. at 45, before us she relies only on the New Jersey Constitution. The only issue presented here is framed thusly:
Where one or more tenants in a commercial office complex on private property, including a tenant performing abortions therein, agressively [sic] advertise for business, anti-abortion advocates have a right under the New Jersey Constitution to limited, controlled access to the property for the purposes of speaking to persons contemplating an abortion and giving them literature.
The omission here of a First Amendment argument is of no particular moment for two reasons, both of which appear in Brown v. Davis. First, as Judge Lowengrub there points out, id. at 46, New Jersey has taken a more expansive view of freedom of speech under Article I, paragraphs 6 and 18 of the State Constitution, as is its prerogative. Pruneyard Shopping Center v. Robins, 447 U.S. 74, 81, 100 S.Ct. 2035, 2040, 64 L.Ed.2d 741 (1980). Second, the conclusion of Judge Lowengrub that "the owner has not sufficiently dedicated the property to public use so as to entitle individuals to access for first amendment [to the United States Constitution] activity," 203 N.J. Super. at 46, is eminently sound in accordance with the federal law cited by him in that opinion. We believe that the same result is achieved under the State Constitution and we affirm.
The bellwether case of State v. Schmid, 84 N.J. 535 (1980), app. dism. sub nom. Princeton University v. Schmid, 455 U.S. 100, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982) leads the way. This matter involved the distribution of political literature on the campus of Princeton University by a member of the United States Labor Party. Writing for the court, Justice Handler recognized, as we do here and as Judge Lowengrub did in Brown v. Davis, the necessity for a most difficult balancing of the constitutionally guaranteed right of expression and the *64 inherent rights associated with the private ownership of property. He noted that "private property does not `lose its private character merely because the public is generally invited to use it for designated purposes' [citation omitted]." 84 N.J. at 561. As a result the court adopted a "sliding scale," finding guidance in the United States Supreme Court cases recognizing that "the more private property is devoted to public use, the more it must accommodate the rights which inhere in individual members of the general public who use that property." 84 N.J. at 562. This consideration inspired the promulgation of a "test to be applied to ascertain the parameters of the rights of speech and assembly upon privately owned property and the extent to which such property reasonably can be restricted to accommodate these rights." 84 N.J. at 563. The guidelines appear in a tripartite standard:
(1) the nature, purposes, and primary use of such private property, generally, its "normal" use, (2) the extent and nature of the public's invitation to use that property, and (3) the purpose of the expressional activity undertaken upon such property in relation to both the private and public use of the property. [Ibid.]
See State v. Shack, 58 N.J. 297 (1971); cf. Uston v. Resorts International Hotel, Inc., 89 N.J. 163 (1982).
This court, although eschewing reliance on Schmid because the property in question was held not to be devoted to any public use, recently opined that the combination of five of the office buildings of the Meadowlands Corporate Center  a development consisting of at least six office buildings, several warehouses, a motel, an automobile dealer, and an athletic club  were protected against "unwanted expressional activity." Bellemead Development Corp. v. Schneider, 196 N.J. Super. 571, 575 (App.Div. 1984), aff'g 193 N.J. Super. 85 (Ch.Div. 1983), certif. den. 101 N.J. 210 (1985). As may be said in the matter before us here, we said there, "The general public is not invited to use the property, nor does it." Id. at 576. We enjoined distribution of leaflets to office workers by a union organizer at building entrances adjacent to employee parking lots.
*65 The sliding scale test of Schmid was applied by Judge Selikoff in Planned Parenthood of Monmouth v. Cannizzaro, 204 N.J. Super. 531 (Ch.Div. 1985). That case resembled ours but with some substantial differences. There plaintiff was the sole occupant and owner of the premises in question and received public grant funds. Judge Selikoff granted injunctive relief against antiabortion picketing.
Other jurisdictions have expressed a reluctance, to say the least, to favor antiabortion expression over recognized interests in private property. See, for example, Ingram v. Problem Pregnancy of Worcester, Inc., 396 Mass. 720, 488 N.E.2d 408 (Mass.Sup.Ct. 1986), Kugler v. Ryan, 682 S.W.2d 47 (Mo. App. 1984), Hoffart v. State, 686 S.W.2d 259 (Tex. App. 1985), State v. Horn, 126 Wisc.2d 447, 377 N.W.2d 176 (Ct.App. 1985); but cf. Parkmed Co. v. Pro-Life Counselling, Inc., 91 A.D.2d 551, 457 N.Y.S.2d 27 (1982).
In the matter before us the Law Division judge was satisfied to adopt the "profound and very convincing" opinion of Judge Lowengrub in Brown v. Davis, supra. It seems obvious that the trial judge intended as well to adopt the findings of fact which appear therein for he made no findings of his own. We are satisfied that the facts found by Judge Lowengrub and thus adopted here might reasonably have been reached on the record in the matter before us and so we will not disturb them. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974). It is clear to us from these that the premises in question are not devoted to a public use. The tenants and their invitees are there by specific invitation. Akin to that said in Bellemead Development Corp., supra, "Although the office buildings are used by many employees, each is there by a specific invitation. The general public is not invited to use the property nor does it." 196 N.J. Super. at 576. As noted above, borrowing from Lloyd Corp. v. Tanner, 407 U.S. 551, 569, 92 S.Ct. 2219, 2229, 33 L.Ed. 2d 131 (1972), our Supreme Court has reinforced the proposition that property does not lose its private *66 character merely because the public is generally invited to use it for a designated purpose. And so here. This private owner has not "sufficiently devoted [his premises] to public uses" that they are subject to expressional obligations. State v. Schmid, supra, 84 N.J. at 549. Judge Lowengrub concluded and we agree, "In this case the owner has not sufficiently dedicated the property to public use so as to entitle individuals to access for first amendment activity." Brown v. Davis, supra, 203 N.J. Super. at 46.
Accordingly, as we observed in Bellemead Development Corp., the accommodation test of State v. Schmid need not be considered because neither the owner nor his tenants have devoted the property to any public use as that term is used in the freedom of expression cases, federal and State. Nevertheless, we observe that analysis under Schmid would, in any event, be unavailing to defendant. With respect to the "normal use" of the property, we note first what it is not. It is not the functional equivalent of a suburban shopping center nor a place to which a general consumer would go to shop for personal, household or general business merchandise. Brown v. Davis, supra, 203 N.J. Super. at 47. Other than the parking lot and walkways, the complex has no common areas, no places that contemplate the congregation of people or the dissemination of literature. Rather, it is similar to the premises discussed in Bellemead Development Corp., reserved for professional offices, and retail outlets are expressly prohibited. Even the Cherry Hill Women's Center, which does solicit the public, limits its solicitation to a narrow segment of the population, i.e., those women who seek to utilize the Center's gynecological services.
The second of the Schmid factors, the extent and nature of the invitation to the public, also disfavors defendant as can be seen by contrast with the invitation in Schmid. There defendant was distributing literature on a university campus, an institution dedicated to the dissemination of ideas and historically *67 a place of colloquy and discourse, ofttimes contentious. Brown, on the other hand, sought to distribute her leaflets at an office complex resembling, as we have said, the premises in Bellemead Development Corp. This is private property bearing no resemblance to a public forum. The invitation of the Center "is clearly for private and personal purposes." Planned Parenthood of Monmouth, supra, 204 N.J. Super. at 540. Directed to prospective patients, the "advertisements and signs [of the Center] do not amount to a general invitation to the public at large to enter upon the premises." Brown v. Davis, supra, 203 N.J. Super. at 47.
Defendant comes closest with the last third of the equation: the purpose of the expressional activity in relation to both the private and public use of the property. Planned Parenthood of Monmouth, supra, found that the third factor favored antiabortion protesters. 204 N.J. Super. at 541. The trial court in Bellemead Development Corp. found an affinity. 193 N.J. Super. at 98. In the circumstances of this case, we are eminently satisfied with the disposition of this issue by Judge Lowengrub in the civil case:
With regard to the third factor of the Schmid test, the record is perfectly clear that the purpose of the expressional activity plaintiffs seek to engage in is incompatible with some of the services rendered by the Women's Center.... .
Although defendants produced no evidence that any prospective user of the services offered by the Women's Center was offended, intimidated, or refused to receive medical services as a result of plaintiffs' conduct, there was credible testimony that females attired in white uniforms met some prospective patients of the Women's Center as they exited their cars and escorted them to the front door of the Women's Center. Surely that activity is not that which the provider of gynocological [sic] services normally supplies to patients. The escort service was intended to counter the effects of plaintiffs' expressional activity. Defendants do not object to the present conduct of plaintiffs as they make use of the State right-of-way. However, any expansion of the area where that activity may be engaged in would be incompatible with the right of the tenant Women's Center to receive and the owner to provide peaceable possession and quiet enjoyment of the leased premises. See Reste Realty Corp. v. Cooper, 53 N.J. 444, 456 (1969). [203 N.J. Super. at 47-48.]
No one questions the fact of the intrusion. As noted at the outset, the sole issue concerns justification by constitutional *68 protection of the freedom of expression. As did both courts below and Judge Lowengrub in the civil action, we decide that issue against defendant.
Affirmed.