■ PARK SOUTH ASSOCIATES, Appellant, v SUZANNE BLACKMER, Respondent.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered November 9, 1989, which denied plaintiff's motion for a preliminary injunction, is

unanimously reversed, on the law and facts, and in the exercise of discretion, and the motion granted, without costs or disbursements.

Plaintiff-landlord began this action seeking damages and injunctive relief based upon defendant-tenant's alleged destructive and violent behavior in the building toward the landlord, its employees, and fellow tenants. The plaintiff sought a preliminary injunction to restrain defendant from assaulting tenants and plaintiff's employees and others performing renovation work; trespassing into restricted areas of the premises, into vacant apartments and those "in which renovations are being performed"; committing nuisance in the public areas of the building; and blocking the public hallways with her personal property. Plaintiff submitted, upon its application, eight affidavits from the building personnel and tenants based upon personal knowledge, two violations issued by the authorities as a result of defendant's activities, two criminal complaints against defendant and two letters of complaints by other tenants. Defendant did not controvert, refute or deny any of these factual allegations.

The IAS court, however, denied the motion on the grounds, *inter alia,* that the plaintiff "failed to submit proof from civil authorities or the building Tenants Organization substantiating the allegations." We find that this was an improvident exercise of discretion. Contrary to the holding of the IAS court, the movant only is required to submit affidavits in support of an application for a preliminary injunction and "may" submit "other evidence" if it so chooses (CPLR 6312 [a]). "CPLR 6312 (a) permits the plaintiff to supplement the affidavit with any other evidence if he feels that it would enhance his chances of prevailing on the motion for a preliminary injunction. Except when the basis for the preliminary injunction is the nature of the plaintiff's action, which necessitates the submission of a complaint * * * subdivision (a) in no way compels the plaintiff to present any proof in support of his motion other than an affidavit" (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.05, at 63-154—63-155).

Plaintiff presented numerous affidavits by persons with personal knowledge of the facts. These affidavits, were uncontroverted, and contained extensive factual details concerning defendant's wrongful behavior. Coupled with the "other evidence", i.e., the violations imposed by the authorities, criminal complaints and written complaints from other tenants, these uncontroverted affidavits established plaintiff's likelihood of success on the merits in the underlying action, and irrepara-

ble harm to plaintiff absent grant of such requested relief. A balancing of the equities also favors such relief, since an injunction would provide some security to the building personnel and to other tenants while merely restraining defendant from continuing any unlawful or wrongful activities. Concur— Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.