## 333 E. 57th St. Corp. v Molina

2024 NY Slip Op 32863(U)

August 14, 2024

Supreme Court, New York County

Docket Number: Index No. 154705/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ            PART            47

*Justice*

---------------------------------------------------------------------------------X

333 EAST 57TH STREET CORPORATION, BY ITS BOARD OF DIRECTORS, ION SCUTARU

                                 Plaintiff,

                       - v -

RAYMON MOLINA,

                             Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154705/2024 |
| MOTION DATE | 05/20/2024 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 10, 12, 13, 14, 15, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for        PREL INJUNCTION/TEMP REST ORDR       .

In this nuisance action, plaintiff 333 East 57th Street Corporation a residential cooperative corporation owns the building located at 333 East 57th Street, New York, NY 10022 and plaintiff Ion Scutaru, is the resident manager of the building. Plaintiffs move for a preliminary injunction enjoining defendant from coming within 50 feet of the building pending a determination of plaintiffs' claims.[1] In light of the sharp factual conflicts raised in the parties' affidavits, a hearing was held on August 13, 2024.

## BACKGROUND

Defendant worked as a porter for the corporation from January 31, 2012 until October 18, 2021 (NYSCEF Doc No 2 ¶ 8). In July 2021, Scutaru asked defendant to provide him with his proof of vaccination against COVID-19, as required of all employees of the corporation (NYSCEF Doc No 5 ¶¶ 4-5 and hearing testimony). Defendant expressed that he did not intend

---

[1] On May 23, 2024 plaintiffs' request for a temporary restraining order enjoining and restraining defendant from coming within 50 feet of the building was granted (NYSCEF Doc No 10).

**154705/2024 333 EAST 57TH STREET CORPORATION, BY ITS BOARD OF DIRECTORS ET AL vs. MOLINA, RAYMON**
**Motion No. 001**

**Page 1 of 5**

[* 1]

to get the vaccine (*id.* and hearing testimony). Scutaru told defendant that he would be given a few additional weeks after defendant's union's deadline to get vaccinated but warned that he would be terminated if he did not comply with the vaccine requirement (*id.* ¶ 6 and hearing testimony). On October 13, 2021, defendant emailed Scutaru, stating: "Be advised I will not be inserting any foreign substances into me in the name of your health fears" (NYSCEF Doc No 19, p. 16). Approximately an hour later, he sent a second email, stating: "Please be advised that due to the vaccination mandate, I can no longer work as a porter at 333 East 57 street" (*id.*, p. 17 and hearing testimony). Defendant testified that Scutaru pressured him to write the email. However, defendant returned to work in the following days (NYSCEF Doc No 5 ¶ 6 and hearing testimony). On October 18, 2021, Scutaru terminated defendant (*id.* and hearing testimony) and defendant received his first shot of the vaccine (defendant's ex C & D). Scutaru alleges that in response, "Molina began to scream at [him] and threatened to kill [him] and harm [his] wife and kids" (*id.* ¶ 7 and hearing testimony).

In the months following his termination, defendant "regularly" appeared at the building; he would stand or pace on the sidewalk in front of the entrance and shout at Scutaru, repeatedly using homophobic slurs and other obscenities, challenging him to a physical fight, and otherwise causing loud disturbances (*id.* ¶ 9; plaintiff's ex 2, videos depicting defendant's conduct). Plaintiffs allege that defendant started visiting the building on a daily basis beginning on May 6, 2024, and that he has been "screaming and threatening [Scutaru] and the Building's residents in the same manner as he had previously" (*id.* ¶ 12 and hearing testimony). Plaintiffs allege that though defendant was arrested briefly on May 8, 2024, the police advised that they would be unable to arrest defendant again unless he became physically violent (*id.* ¶ 13). Scutaru and the building's porter Richie Lucero testified that at times residents of the building are afraid to leave

**154705/2024   333 EAST 57TH STREET CORPORATION, BY ITS BOARD OF DIRECTORS ET AL**        **Page 2 of 5**
**vs. MOLINA, RAYMON**
**Motion No.  001**

[* 2]                                             2 of 5

the lobby entrance of the building while defendant is conducting his protest. Plaintiffs thus seek a preliminary injunction and temporary restraining order to keep defendant away from the building while plaintiffs litigate their causes of action for nuisance and a permanent injunction. Defendant opposes on the basis that his conduct is an act of protest in a public place, i.e., the sidewalk and that his actions are not illegal (NYSCEF Doc No 19 and hearing testimony).

## DISCUSSION

"A preliminary injunction may be granted . . . where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff" (CPLR § 6301). A preliminary injunction will only be issued if a plaintiff "demonstrate[s] a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fina Arts Housing, Inc.*, 4 NY3d 839, 840 [2005]).

Plaintiffs have demonstrated with convincing evidence a likelihood of success on their nuisance claim. In the residential building context, nuisance is defined as "a condition that threatens the comfort and safety of others in the building" and is evidenced by "a pattern of continuity or recurrence of objectionable conduct" (*Frank v Park Summit Rlty. Corp.*, 175 AD2d 33, 35 [1st Dept 1991] [finding apartment building's "guests and staff had already been forced to endure an intolerable and continuing nuisance" where tenant's family member engaged in "verbal abuse, profanity and vulgarity toward hotel guests and staff" and made "veiled threats of physical and sexual assault"], *mod on other grounds* 79 NY2d 789 [1991]). Here, plaintiffs have submitted video evidence depicting defendant's aggressive, threatening, and obscene remarks in front of the building, where staff and residents must pass to enter and exit (*Central Park*

**154705/2024   333 EAST 57TH STREET CORPORATION, BY ITS BOARD OF DIRECTORS ET AL**   **Page 3 of 5**
**vs. MOLINA, RAYMON**
**Motion No. 001**

*Sightseeing LLC v New Yorkers for Clean, Livable & Safe Sts., Inc.*, 157 AD3d 28, 32 [1ˢᵗ Dept 2017] ["Plaintiff established a likelihood of success on its cause of action for a public nuisance" where video evidence showed protestors' loud and aggressive behavior frightening horses]; *33-39 E. 60th St. LLC v Hunter*, 873 NYS2d 237, 237 [1ˢᵗ Dept 2008] ["The trial court's finding of nuisance is amply supported by the evidence, including surveillance videotapes of the violent and anti-social behavior of tenant . . . which caused the summoning of police"]).

Additionally, plaintiffs are likely to suffer irreparable injury in the absence of an order enjoining defendant from appearing in the immediate vicinity of the building. Though plaintiffs and defendant dispute the frequency of defendant's visits, defendant has given no indication that he intends to stop appearing and continuing his purported protest. As intended, defendant's conduct has made Scutaru fearful and uncomfortable at his workplace, and his conduct negatively affects the other staff members and residents of the building.

Finally, a balancing of the equities lean in plaintiffs' favor. Defendant correctly notes that he has a right to free expression and that "[p]ublic sidewalks [] are the 'quintessential' public fora for free speech" (*Central Park*, 157 AD3d at 34). However, this right "must be balanced with the other private [] interests involved" (*Parkmed Co. v Pro-Life Counselling, Inc.*, 91 AD2d 551, 552 [1ˢᵗ Dept 1982]), including Scutaru's compelling interest in having a workplace free of harassment and the building's residents' interest in the quiet enjoyment of their homes. Setting a 50-foot distance restriction on defendant "would provide some security to the building personnel and to other tenants while merely restraining defendant from continuing any unlawful or wrongful activities" (*Park S. Assoc. v Blackmer*, 171 AD2d 468, 469-70 [1ˢᵗ Dept 1991]; *Parkmed Co.*, 91 AD2d at 554 ["[r]easonable time, place and manner regulations" upheld where anti-abortion protesters engaged in "shouting, screaming, engaging in physical and verbal

**154705/2024   333 EAST 57TH STREET CORPORATION, BY ITS BOARD OF DIRECTORS ET AL**       **Page 4 of 5**
**vs. MOLINA, RAYMON**
**Motion No.  001**

[* 4]

4 of 5

threats, assault, abuse, harassment, intimidation and property damage"]).  Accordingly, the injunction will be granted.

Finally, while CPLR § 6312 (b) requires plaintiffs to post an undertaking in an amount fixed by the court, there are no likely potential losses that will be incurred by defendant in the event that a final determination is made that the injunction is unwarranted.  Consequently, under these circumstances a modest undertaking is appropriate.

## CONCLUSION

Based on the foregoing it is

ORDERED that plaintiffs' motion is granted conditioned upon plaintiffs posting an undertaking in the amount of $2,000.00 and that upon such posting and pending a final determination of this action, defendant is enjoined and restrained from being within 50 feet of 333 East 57th Street, New York, NY 10022; and it is further

ORDERED that the parties are directed to appear at a preliminary conference on October 3, 2024 at 9:30 am.

20240814150840PGOETZIE7C7365074EE4AC8A0B32E84033330DA

| 8/14/2024 | | PAUL A. GOETZ, J.S.C. |
| --- | --- | --- |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154705/2024   333 EAST 57TH STREET CORPORATION, BY ITS BOARD OF DIRECTORS ET AL    Page 5 of 5
vs. MOLINA, RAYMON
Motion No.  001**

5 of 5